25-832-cv
Freckleton v. Mercy Coll. N.Y.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-six.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges.*

-------------------------------------------------------------------
MALVIA M. FRECKLETON,

*Plaintiff-Appellant*,

v.                                                                 No. 25-832-cv

MERCY COLLEGE NY, SUSAN MOSCOU, MIRIAM FORD,

*Defendants-Appellees.*

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: MALVIA M. FRECKLETON, *pro se*, Philadelphia, PA

FOR DEFENDANTS-APPELLEES: B. JACK ROBINSON (Jeffrey S. Kramer, *on the brief*), Troutman Pepper Locke LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Malvia M. Freckleton, representing herself, appeals from the March 28, 2025 judgment of the United States District Court for the Southern District of New York (Karas, *J.*) dismissing her complaint in part for failure to state a claim of disability discrimination under the Americans with Disabilities Act (ADA),[1] and granting summary judgment on her ADA retaliation claim in favor of Defendants-Appellees Mercy College NY and two of its administrators (collectively, "Mercy"). We assume the parties' familiarity with the underlying

---

[1] The District Court also construed Freckleton's complaint to raise claims under 42 U.S.C. § 1983, Title VI, and 42 U.S.C. § 1981, as well as claims under New York State law for breach of contract and fraud. It dismissed all of these claims under Federal Rule of Civil Procedure 12(b)(6). On appeal, Freckleton does not challenge and we therefore affirm the District Court's dismissal of these claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"[W]e review dismissals for failure to state a claim and grants of summary judgment *de novo*." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 102 n.12 (2d Cir. 2014). When reviewing a motion to dismiss for failure to state a claim we "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quotation marks omitted). When reviewing a grant of summary judgment we "constru[e] all evidence in the light most favorable to the non-moving party" and affirm "only where there is no genuine dispute as to any material fact." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quotation marks omitted).

Freckleton challenges the District Court's dismissal of her disability discrimination claims premised on a failure to accommodate and disparate treatment. It is well established that the ADA prohibits a "discriminatory *refusal* to undertake a feasible accommodation." *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 100 (2d Cir. 2009) (emphasis added). Freckleton's

3

pleadings[2] allege that she applied for accommodations for her testing anxiety and that Mercy asked for additional information about her disability in order to make an accommodation determination.  Freckleton does not allege, however, that she provided Mercy any supplemental information about her disability or that Mercy declined to engage in the "interactive process."  *Id.* at 99.  Because Freckleton did not allege that Mercy refused her accommodation request, we affirm the District Court's dismissal of Freckleton's failure-to-accommodate claim.

We likewise affirm the dismissal of Freckleton's disparate treatment claim because her pleadings fail to allege any particular facts giving rise to an "inference of discrimination."  *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015).  "[A]n inference of discriminatory intent may be derived from a variety of circumstances, including, but not limited to: . . . invidious comments about others in the [plaintiff's] protected group; or the more favorable treatment of [individuals] not in the protected group."  *Leibowitz v. Cornell Univ.*, 584 F.3d

---

[2] We interpret Freckleton's "pleadings" to refer both to her complaint and the factual allegations and exhibits from her opposition brief to Mercy's motion to dismiss, which the District Court also considered.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in [her] papers opposing the motion.").

487, 502 (2d Cir. 2009) (quotation marks omitted). Freckleton asserts that Mercy hired a professor, Susan Wilson, who had given her poor grades in the past. But Freckleton does not explain how Wilson's conduct or Mercy's hiring decision reveal anti-disability "bias." *Littlejohn*, 795 F.3d at 312. Nor does Freckleton allege or otherwise point to "adverse actions taken against [students] who are . . . similarly situated." *Id.* Accordingly, we conclude that the District Court properly dismissed Freckleton's disparate treatment claim.

Finally, Freckleton challenges the District Court's dismissal of her retaliation claim on summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. She insists that the record evidence raises a genuine factual dispute as to whether Mercy rescinded her admission in retaliation for her accommodation request. We are not persuaded. We evaluate ADA retaliation claims under the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023). We agree with the District Court that under that framework Freckleton made out a *prima facie* case of retaliation but failed to adduce "evidence that would be sufficient to permit a rational factfinder to conclude" that Mercy's explanation for rescinding Freckleton's admission—her poor

5

academic standing and mistaken acceptance—was "merely a pretext for impermissible retaliation." *Treglia v. Town of Manlius*, 313 F.3d 713, 721 (2d Cir. 2002) (quotation marks omitted). Indeed, Freckleton does not genuinely dispute that Mercy was required to admit only students in good standing, that she had been dismissed from her prior institution for poor grades, or that Mercy's original acceptance letter was sent in error. Wilson's involvement in the decision to rescind Freckleton's admission does not, without more, show that Mercy's explanation was a pretext for retaliation. We therefore affirm the District Court's grant of summary judgment in Mercy's favor.

We have considered Freckleton's remaining arguments and conclude that they are without merit. We deny as moot Freckleton's motion to reverse and remand. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6